PER CURIAM.
Opinion for the court filed PER CURIAM. Opinion dissenting in part and concurring in the judgment filed by Circuit Judge DYK.
Ella M. Alston (“Alston”) appeals the decision of the Merit Systems Protection Board, which dismissed her appeal for lack of jurisdiction because it found that Alston initiated her absence by failing to provide requested medical documentation. Alston v. Soc. Sec. Admin., PH0752010374-I-2 (MSPB Dec. 4, 2003) We affirm.
Alston, an employee of the Social Security Administration (“agency”), submitted a note from her physician requesting sick leave between April 11 and April 21, 2000. On April 19, Alston returned to the office to pick up some papers and got into an altercation with a supervisor. As a result, Alston was escorted off the property and placed on administrative leave with pay. On May 3, Alston received a letter from the agency requesting that she submit medical documentation within two weeks *441 detailing whether she was capable of returning to work. Alston failed to meet this deadline and was placed on Leave Without Pay (“LWOP”) on May 18.
The administrative judge found that Alston had been constructively suspended and, therefore, that the board had jurisdiction over her claims. The full board reversed, finding instead that Alston herself initiated her absence from work “by telling the agency that she would not be returning to work for an extended period of time” due to her illness and because she failed to give the agency the requested medical documentation.
We disagree with the board’s reliance on Alston’s absence from work between April 11 and April 21 due to illness. The record clearly shows that Alston informed the agency that she would be absent for a specified period of time, not indefinitely. Contrary to Alston’s suggestion, however, the period from April 19 through May 17 is similarly irrelevant to the board’s jurisdiction because Alston was on paid administrative leave, which cannot qualify as a constructive suspension. See Henry v. Dep’t of Navy, 902 F.2d 949, 954 (Fed.Cir.1990) (holding that a period of paid leave does not qualify as a suspension); see also Holloway v. United States Postal Serv., 993 F.2d 219, 221 (Fed.Cir. 1993) (explaining that Pittman v. Merit Systems Protection Board, 832 F.2d 598 (Fed.Cir.1987), applies only to employees who are placed on enforced leave without pay pending receipt of medical documentation). Alston’s absence after May 18, when she was placed on LWOP, likewise fails to qualify as a constructive suspension. Alston herself was responsible for failing to provide the necessary medical documentation and, therefore, is considered to have initiated this period of unpaid leave. See Perez v. Merit Sys. Prot. Bd., 931 F.2d 853, 855 (Fed.Cir.1991) (holding that an employee who fails to provide medical documentation requested by the board is responsible for initiating a subsequent suspension without pay).