**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN D. O'BRIEN, | DOCKET NUMBER |
| Appellant, | DA-300A-16-0525-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: March 24, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John D. O'Brien, Waxahachie, Texas, pro se.

Jennifer Merkle, Grand Prairie, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his employment practices and suitability action appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, a GS-14 Section Chief with the agency's Bureau of Prisons, applied for four GS-15 Warden vacancies between 2014 and 2016. Initial Appeal File (IAF), Tab 1 at 1, 5; Tab 4 at 4; Tab 5 at 16-18. Following notification that he did not meet the qualifications for the last of those announcements, MSS-2016-0009, the appellant filed a request for secondary review of his disqualification, which the agency affirmed on the basis that he lacked the necessary specialized experience for the position. IAF, Tab 4 at 10-19.

¶3 The appellant timely appealed to the Board the agency's decision not to select him, identifying his nonselection as a harmful procedural error and/or a prohibited personnel practice. IAF, Tab 1 at 5. The administrative judge issued an acknowledgment order in which he notified the appellant that the Board generally does not have jurisdiction over nonselection claims and identified the exceptions when it does, such as employment practices appeals under 5 C.F.R.

§ 300.103 or negative suitability determinations under 5 C.F.R. § 731.501. IAF, Tab 2 at 2-7.

¶4 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal, concluding that the appellant failed to nonfrivolously allege Board jurisdiction over the appeal of his nonselection as either an employment practices claim or a negative suitability action. IAF, Tab 10, Initial Decision (ID). The administrative judge also found that the Board lacked independent jurisdiction over the appellant's harmful procedural error and prohibited personnel practices claims. ID at 6-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On December 8, 2016, the appellant filed a request to reopen an appeal dismissed without prejudice, which the Board docketed as an untimely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review.[3] PFR File, Tab 2. In his petition for review, the appellant challenges the merits of the findings below, arguing that the administrative judge incorrectly characterized his appeal as a nonselection claim and erred in determining that the agency was not misapplying qualification standards of the Office of Personnel Management (OPM) when it repeatedly found he was not qualified for the Warden position. PFR File, Tab 1 at 4-5.

¶6 As the administrative judge correctly noted, the Board has jurisdiction over an employment practices appeal under 5 C.F.R. § 300.104(a) when the following conditions are met: (1) the appeal concerns an employment practice that OPM is involved in administering; and (2) the appellant makes a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for

---

[3] The agency argues that the appellant's petition for review was untimely filed by 1 day. PFR File, Tab 2 at 5-6. Because we dismiss this appeal on jurisdictional grounds, we need not address the question of the timeliness of the petition for review. *Alston v. Social Security Administration*, 95 M.S.P.R. 252, ¶ 19 (2003), *aff'd*, 134 F. App'x 440 (Fed. Cir. 2005).

employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010); ID at 4.

¶7       On review, the appellant does not claim that any employment practice administered by OPM violated the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. PFR File, Tab 1 at 4-5; *see Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶¶ 11-15 (2007), *modified by Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). Nor does he allege that that the qualification requirements were not "rationally related" to the Warden position. *See Sauser*, 113 M.S.P.R. 403, ¶¶ 8-10 (finding that an appellant established jurisdiction over an employment practices appeal based on an allegation that an agency misapplied OPM qualification standards because he alleged that the standards were not rationally related to performance in the position to be filled).

¶8       Instead, the appellant claims only that the agency "misapplied" an existing OPM standard by "selectively" and "systematically and willfully" interpreting the qualification standards in a manner that resulted in the qualification of only individuals who previously have performed in the Associate Warden position. PFR File, Tab 1 at 4-5; IAF, Tab 4 at 15. The appellant asserts that, by the agency narrowly interpreting OPM's qualification standards, qualified applicants were denied the opportunity to compete for positions. PFR File, Tab 1 at 5.

¶9       The Board has held that an agency's "misapplication" of a valid OPM requirement also may constitute a colorable employment practices claim. *Sauser*, 113 M.S.P.R. 403, ¶ 7 (citing *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998)); *Holse v. Department of Agriculture*, 97 M.S.P.R. 624, ¶ 6 (2004). However, to constitute a misapplication of a valid OPM requirement, OPM must have been involved in a "significant way" in the administration of the qualification standard misapplied by the agency. *Prewitt*, 133 F.3d at 888; *Mapstone*, 106 M.S.P.R. 691, ¶ 14. In *Dowd v. Office of Personnel Management*, 745 F.2d 650, 651 (Fed. Cir. 1984), for example, the

appellant challenged an agency finding that he was ineligible for a position based on the hiring agency's application of OPM's time-in-grade regulations, and our reviewing court affirmed the Board's dismissal of the appeal for lack of jurisdiction because "OPM played no part in the ineligible rating given to [the] petitioner," and thus "OPM had not applied any employment practice to [the] petitioner." Likewise, in *Manno v. Department of Justice*, 85 M.S.P.R. 696, ¶ 8 (2000), the Board found that it lacked jurisdiction over an employment practices appeal when the appellant failed to show that OPM had any involvement in the alleged mishandling of his application for promotion.

¶10        In the instant case, nothing in the record indicates that OPM was at all involved in administering or reviewing the additional specialized qualification requirements that the agency considered in evaluating applicants for the Warden position. Instead, the appellant is attempting to challenge how the agency evaluated the specialized supervisory/managerial experience he provided on his application and the fact that his experience was ultimately assessed to be insufficiently broad to meet the agency's needs for the Warden position. PFR File, Tab 1 at 4-5; IAF, Tab 1 at 7-9. Beyond his conclusory allegation that the agency was too selective in applying OPM's requirements to "exclude qualified applicants," the appellant does not explain how the agency's determination that his experience was insufficient, or the fact that it identified alternative work experience that would, in fact, meet its specialized experience requirements, violated any of the basic requirements of 5 C.F.R. § 300.103. PFR File, Tab 1 at 4; IAF, Tab 4 at 6-7, 17-18. Such an argument does not constitute a claim that the agency "misapplied" otherwise valid OPM requirements and is rather more accurately characterized as a challenge of the appellant's individual qualification determination, over which the Board does not have jurisdiction. *See Richardson v. Department of Defense*, 78 M.S.P.R. 58, 61 (1998) (finding that an alleged error in rating and handling an individual's employment application did not constitute an employment practice); *see also Prewitt*, 133 F.3d at 887 (stating

that an individual agency action or decision that is not made pursuant to or part of a rule or practice of some kind does not qualify as an "employment practice"). Whether by consequence or by design, the agency's application of its qualification standards in a manner that deemed only individuals with previous experience as Associate Wardens qualified for the Warden position does not constitute an appealable employment practices claim. PFR File, Tab 1 at 5.

¶11 Finally, to the extent the appellant's claim that he is being "denied the opportunity to compete" for the Warden position is intended as a challenge to the administrative judge's determination that he failed to nonfrivoluosly allege he was subject to a negative suitability action, we find that argument is also without merit. *Id.* As the administrative judge correctly noted, the Board does have jurisdiction over a "suitability action," which includes a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. ID at 7; *see Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). However, a nonselection for a specific position is not a "suitability action," even if it is based on the criteria for making suitability determinations set forth at 5 C.F.R. § 731.202. *Kazan*, 112 M.S.P.R. 390, ¶ 6; *see* 5 C.F.R. §§ 731.203(a)-(b), 731.501(a). Beyond finding him unqualified under the listed announcements, the appellant does not allege that the agency took any broader action regarding his eligibility, such as canceling any other eligibilities on other existing competitive registers or barring him from consideration for future announcements. *See Kazan*, 112 M.S.P.R. 390, ¶ 6. As a result, we agree with the administrative judge's determination that the appellant has failed to nonfrivolously allege that his nonselection was an appealable suitability action. *Id.*; 5 C.F.R. § 731.203(b).

¶12 Accordingly, we deny the petition for review and affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.