## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENISE SAUNDERS,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　Agency.

DOCKET NUMBER
AT-3443-17-0289-I-1

DATE: June 27, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Denise Saunders, Lawrenceville, Georgia, pro se.

Andrew M. Greene, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal alleging a reduction in grade or pay for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify and augment the analysis of the jurisdictional issue, we AFFIRM the initial decision.

## BACKGROUND

¶2      In 2012, the appellant received a temporary promotion from her permanently assigned position as a Lead Tax Examining Technician, GS-8, step 7, with an adjusted basic salary of $53,865, to a Supervisory Tax Examining Assistant position, Internal Revenue Service (IR) Payband level 8, with an adjusted basic salary of $58,174. Initial Appeal File (IAF), Tab 6 at 8. The agency extended her temporary promotion several times and gave her several performance-based salary increases (PBIs), resulting in an adjusted basic salary of $63,454 as of January 11, 2015. *Id.* at 9-14. On December 27, 2015, she received another temporary promotion, i.e., a "stacked promotion," to a Department Manager position in the IR Payband with an adjusted basic salary of $68,530.[2] *Id.* at 15. On January 10, 2016, while the appellant was still on her

---

[2] According to the agency's *IRS Payband System Pay Administrative Guidance* (*IR Guidance*), a "stacked promotion occurs when an employee already on a temporary promotion is placed, without a break in service, on a second temporary promotion to a position with a higher maximum rate than the first temporary promotion, prior to the not-to-exceed (NTE) date of the first temporary promotion." IAF, Tab 6 at 20, 29.

stacked promotion, the agency awarded her a 7.7% PBI, which increased her adjusted basic pay to $73,985. *Id.* at 16. On April 17, 2016, the appellant's stacked temporary promotion ended, and the agency administratively returned her to her permanently assigned position as a Lead Tax Examining Technician, GS-8, step 8, with an adjusted basic pay of $57,177, before immediately placing her on another temporary promotion to the position of Supervisory Tax Examining Assistant, IR-08, with an adjusted basic pay of $63,608.[3] *Id.* at 17-19. On August 7, 2016, the agency permanently promoted her to the position of Supervisory Tax Examining Assistant, IR-08. *Id.* at 46.

¶3      In February 2017, the appellant appealed an alleged reduction in pay or grade to the Board, alleging that she suffered a loss of $6,000 in annual salary due to a "pay setting error" when, upon the termination of her stacked temporary promotion to a Department Manager position, the agency set her pay without properly accounting for the 7.7% PBI she received while serving as Department Manager.[4] IAF, Tab 1 at 3, 5. In an acknowledgment order, the administrative judge notified the appellant that the Board may not have jurisdiction over her appeal of a pay-setting error and ordered her to file evidence and argument amounting to a nonfrivolous allegation of jurisdiction. IAF, Tab 2. In response, the appellant explained that, upon further research, she realized that the $6,000 loss in salary she was appealing was not due to a pay-setting error, but occurred because of agency rules governing pay setting upon the termination of stacked promotions. IAF, Tab 8 at 4. She argued that the agency was negligent in failing

---

[3] The *IR Guidance* provides that an employee on a stacked promotion who is being returned to a temporary promotion that she previously held in a series of temporary promotions is first returned to her permanent position of record and then promoted to the temporary promotion position. *Id.* at 29-30.

[4] It appears that the appellant's February 2017 appeal of the agency's April 2016 action may be untimely filed. *See* 5 C.F.R. § 1201.22(b). In light of our finding that the Board does not have jurisdiction over this appeal, however, we need not reach the timeliness issue. *See Alston v. Social Security Administration*, 95 M.S.P.R. 252, ¶ 29 (2003), *aff'd*, 134 F. App'x 440 (Fed. Cir. 2005).

to inform her that she could lose money by taking the temporary promotion, that she did not agree to such terms, and that the agency's action was unfair. *Id.* at 4-5. She further asserted that the agency has since changed its policy. *Id.* at 5. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant did not suffer an appealable reduction in pay. IAF, Tabs 3, 6, 9.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect; rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). Under chapter 75 of Title 5, the Board has jurisdiction to review specified adverse actions taken against covered employees, including reductions in grade or pay. *See* 5 U.S.C. § 7512(3)-(4). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[5] *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶6    As noted above, the appellant alleged that the agency unfairly set her pay upon the termination of her temporary promotion by failing to properly credit her with the 7.7% PBI she received while serving on a stacked temporary detail as a

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Department Manager, which caused a $6,000 loss in annual salary.  IAF, Tabs 1, 8.  In the initial decision, the administrative judge found that the appellant's dispute with the method used by the agency to calculate her pay following the termination of her stacked promotion did not constitute an appealable reduction in pay under 5 U.S.C. § 7512(4).  ID at 3.  On review, the appellant argues again that the agency failed to inform her that taking the temporary detail would harm her financially, she is entitled to the 7.7% PBI that she earned while she was on the Department Manager detail, the agency made mistakes in processing the paperwork, and the agency's action is unfair.  PFR File, Tab 1 at 3-5.

¶7       In the context of a reduction in pay under chapter 75, "pay" means "the rate of basic pay fixed by law or administrative action for the position held by an employee."  5 U.S.C. § 7511(a)(4).  The right to appeal a reduction in pay has been narrowly construed and requires that the appellant show a demonstrable loss, such as an actual reduction in pay, to establish jurisdiction.  *See Chaney v. Veterans Administration*, 906 F.2d 697, 698 (Fed. Cir. 1990) (stating that an appealable reduction in pay occurs only when there is an "ascertainable lowering" of an employee's pay at the time of the action).  "Grade" in this context means "a level of classification under a position classification system."  5 U.S.C. § 7511(a)(3).  Here, the appellant has not alleged, and the record does not show, that the agency reduced her rate of pay or grade in her permanently assigned position following her temporary promotions.[6]  IAF, Tabs 1, 8; PFR File, Tab 1.  Absent any loss in grade or actual reduction in pay, the Board lacks jurisdiction

---

[6] As noted above, prior to her temporary promotions, the agency employed the appellant as a Lead Tax Examining Technician, GS-8, step 7, with an adjusted basic salary of $53,865.  IAF, Tab 6 at 8.  Upon the termination of her stacked promotion on April 17, 2016, the agency administratively returned her to her permanently assigned position as a Lead Tax Examining Technician, GS-8, step 8, with an adjusted basic pay of $57,177, which included the within-grade increase for which she became eligible on July 12, 2015, and the 1% General Schedule increase that became effective in January 2016.  *Id.* at 17-18.

over the appellant's challenge to her salary following the termination of her temporary promotions. *See* 5 U.S.C. § 7512(3)-(4).

¶8        In addition, the Board lacks jurisdiction to consider an "[a]ction that terminates a temporary or term promotion and returns the employee to the position from which temporarily promoted, or to a different position of equivalent grade and pay, if the agency informed the employee that it was to be of limited duration." 5 C.F.R. § 752.401(b)(12); *see* 5 C.F.R. § 335.102(f) (stating that an agency may make time-limited promotions but must give the employee advance written notice of the conditions of the temporary promotion, including, among other things, that she may be returned to her former position at any time and that such return may not be appealed to the Board under chapter 75).  Here, the record reflects that, following the termination of the appellant's stacked promotion, the agency administratively returned her to her permanently assigned position at the same grade level she previously held without any loss in pay.  IAF, Tab 6 at 8, 17.  While the appellant alleges that the agency failed to inform her of the financial effect of the temporary promotions, she does not allege that the agency failed to inform her that her promotions were time limited, and the Standard Form 50s documenting her temporary promotions clearly indicate that they were temporary.  *Id*. at 8, 10, 12, 14-15.  Therefore, we find that the Board lacks jurisdiction to consider the agency's action returning the appellant to her permanently assigned position at the same grade level previously held following the termination of her stacked promotion.  *See* 5 C.F.R. §§ 335.102(f), 752.401(b)(12).

¶9        Lastly, because the Board lacks jurisdiction over this appeal, it cannot consider the appellant's claims that she was harmed by the agency's handling of her temporary promotions.  *See Daneshpayeh v. Department of the Air Force*, 57 M.S.P.R. 672, 682 n.9 (1993) (stating that the Board lacks jurisdiction over allegations of harmful error absent an otherwise appealable action), *aff'd*, 17 F.3d 1444 (Fed. Cir. 1994) (Table).

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                 /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board
Washington, D.C.