## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KARTARII VICE,
          Appellant,

          v.

DEPARTMENT OF LABOR,
          Agency.

DOCKET NUMBER
DC-531D-21-0073-I-1

DATE: August 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kartarii Vice, La Plata, Maryland, pro se.

Nnenne U. Agbai, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her within-grade increase (WIGI) denial for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, who is employed by the agency as a GS-11 Staff Assistant, received a memorandum on February 24, 2020, informing her of the decision to withhold her WIGI based on a failure to demonstrate an acceptable level of competence during the Fiscal Year 2019 (FY19) rating period. Initial Appeal File (IAF), Tab 1 at 8-10. On November 5, 2020, the appellant filed an appeal of her WIGI denial alleging that, amongst other things, the agency retaliated against her for protected whistleblowing activity and committed other prohibited personnel practices. *Id.* at 3, 5. The administrative judge informed the appellant that the Board may not have jurisdiction over her WIGI denial and ordered her to submit evidence and argument to establish why the appeal should not be dismissed for lack of jurisdiction or as untimely. IAF, Tab 3.

In response to the order, the appellant argued that the agency should have provided her with an opportunity to avoid the alleged performance deficiencies that led to her WIGI denial, questioned its assessment of her performance, and asserted that she was unable to timely request reconsideration of her WIGI denial due to the need to care for her ill grandson and her own "emergency medical

leave." IAF, Tab 5 at 4. She submitted several documents, including leave records, a doctor's note for the care of her grandchild, and emails with agency human resources staff and her supervisor regarding her WIGI. *Id.* at 5-8, 10-14. She also expressed disagreement with her FY19 performance rating and the manner in which it was issued. IAF, Tab 9 at 4-6. The agency filed a response to the order arguing that the Board lacks jurisdiction over the appellant's WIGI denial and requesting dismissal. IAF, Tab 7 at 4-9.

In an initial decision, the administrative judge found that it was undisputed the appellant failed to request or receive a reconsideration decision as necessary to establish jurisdiction over her WIGI denial under 5 U.S.C. § 5335(c). IAF, Tab 13, Initial Decision (ID) at 3-5 (citing 5 C.F.R. § 531.410, an Office of Personnel Management (OPM) regulation establishing procedures under 5 U.S.C. § 5335(c)). She also found the appellant did not claim she exhausted her administrative remedies before the Office of Special Counsel (OSC) as necessary to establish Board jurisdiction over an individual right of action (IRA) appeal. ID at 5-6. Finally, the administrative judge determined that the Board lacks jurisdiction to review the appellant's other prohibited personnel practice and harmful error claims in the absence of an otherwise appealable action. ID at 6. As a result, she dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2; ID at 1, 6-7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not dispute the administrative judge's determination that she did not seek to exhaust her OSC remedy as to any potential IRA appeal. ID at 6. We discern no basis to disturb the administrative judge's well-reasoned determination that the Board therefore lacks jurisdiction over the

appellant's claim as an IRA appeal. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016) (listing the prerequisites for Board jurisdiction over an IRA appeal, including OSC exhaustion).

The appellant asserts for the first time on review that she requested reconsideration when she disputed her performance rating in October 2019. PFR File, Tab 1 at 4; IAF, Tab 9 at 5. We interpret this claim as an argument that the Board has jurisdiction over her WIGI denial under 5 U.S.C. § 5335(c). PFR File, Tab 1 at 4. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An employee under the General Schedule earns periodic increases in pay, or WIGIs, as long as her performance is at an acceptable level of competence. *Brookins v. Department of the Interior*, 2023 M.S.P.B. 3, ¶ 6; *see* 5 U.S.C. § 5335(a). When an agency determines that an employee is not performing at an acceptable level of competence and that a WIGI should be withheld, the employee is entitled to "prompt written notice of that determination" and an opportunity for reconsideration under regulations prescribed by OPM. 5 U.S.C. § 5335(a)(B), (c). OPM's regulations provide that an employee must seek reconsideration of a decision to withhold a WIGI in writing within 15 days of receiving the decision from the agency. 5 C.F.R. § 531.410(a)(1). The Board can exercise jurisdiction over an appeal from the withholding of a WIGI only if the agency has affirmed its initial decision on reconsideration or has unreasonably refused to act on a request for reconsideration. 5 U.S.C. § 5335(c); *Priselac v. Department of the Navy*, 77 M.S.P.R. 332, 335 (1998). The administrative judge found that the Board lacked jurisdiction because the appellant failed to nonfrivolously allege that she requested, or that the agency issued, a reconsideration decision. ID at 1, 3-5. We agree.

On review, the appellant argues that before she received notice of her WIGI denial of February 2020, "[she] did in fact submit an email to [the agency]

requesting reasonable reconsideration and [the agency] denied that reasonable reconsideration."[2]  PFR File, Tab 1 at 4.  In support of her claim, she refers to an alleged October 2019 email exchange with her supervisor, in which she disputed her performance rating, and he stated that his "rating stands."  *Id.*; IAF, Tab 9 at 5.  Because this alleged request predated and was not directed at her WIGI denial, it was not a request for reconsideration from that denial.

The appellant also claims she sought guidance regarding requesting reconsideration.  PFR File, Tab 1 at 4.  She points to the emails that she submitted below in response to the show cause order to support this argument. *Id.*; IAF Tab 5 at 11-14.  In the appellant's emails, she notified the agency's Office of Human Resources that she did not receive her WIGI and requested guidance on the process to receive it.  IAF, Tab 5 at 11-14.  She also asked her supervisor if he was "aware that this 'minimally satisfactory rating' [he] gave denies [her a] WIGI?"  *Id.* at 12-13.  We have given careful consideration to the emails to evaluate whether they could constitute a request for reconsideration. Based on their content and the fact that they are dated January to February 2020, before the appellant received her WIGI denial, we find that they do not.

In *Jack v. Department of Commerce*, 98 M.S.P.R. 354, ¶¶ 2-4, 11 (2005), after the agency effected and the appellant learned of the agency's denial of his WIGI, but before the agency issued him written notice of its decision, the appellant "formally request[ed]" in writing that the agency's decision to deny the WIGI be reversed and that his step increase be retroactively granted.  The agency failed to act on his written request.  *Id.*, ¶ 3.  The Board concluded that it had jurisdiction.  *Id.*, ¶ 13.  As relevant here, it determined that the agency's failure to

---

[2] Although the agency dated its WIGI denial on February 21, 2020, it appears likely the appellant received it on February 24, 2020.  IAF, Tab 1 at 8, 10.  The notice states that the appellant refused to sign on that date.  *Id.* at 10.  In any event, because we agree with the administrative judge that the appellant never requested reconsideration either within or after the 15 day period for doing so, we need not determine whether the appellant received written notice of her WIGI denial on February 21, 2020, or 3 days later.  ID at 3-5 & n.2.

provide the appellant with prompt written notice of its decision until months after it made its decision could not defeat jurisdiction and its failure to act on his earlier request was unreasonable. *Id.*, ¶¶ 10-13.

Here, the appellant has failed to nonfrivolously allege that she ever requested reconsideration. Although the emails reflect that she was seeking information regarding the process to receive her WIGI, the emails do not contain any language that could be construed to be a request for reconsideration of the WIGI denial. IAF, Tab 5 at 11-14. Further, unlike *Jack*, the agency issued a prompt written notice of the appellant's WIGI denial. Specifically, her WIGI was due on February 2, 2020, and the agency informed her of its denial in the February 21, 2020 memorandum, which she received on February 24, 2020. IAF, Tab 1, at 8-10, Tab 5 at 14. Moreover, the appellant conceded that "there wasn't anything filed within the required time frame [because her] grandson having cancer [sic] and [she] went to Arizona where he was living." IAF, Tab 5 at 4. Therefore, we decline to disturb the administrative judge's finding that she failed to request a reconsideration decision after she received the notice of her WIGI denial. ID at 3, 5 & n.2.

To the extent that the appellant asserts on review that the evidence she submitted below supports her inability to timely request reconsideration, thus justifying extending the timeline, we agree with the administrative judge that her argument is unavailing.[3] PFR File, Tab 1 at 5; ID at 4. She alleged below that her grandchild's illness and related leave prevented her from timely requesting

---

[3] The appellant also appears to argue that she has good cause for untimely filing her Board appeal and asserts that she was on emergency leave for a portion of the filing period. PFR File, Tab 1 at 5. Her argument on review appears inconsistent with her statement below that she returned from emergency leave in January 2020, which was prior to her WIGI denial. IAF, Tab 5 at 4. We need not resolve this discrepancy. We affirm the administrative judge's determination that because the Board lacks jurisdiction to review this case, we need not reach the appellant's arguments on review regarding the timeliness of her appeal. ID at 2 n.1; *see Alston v. Social Security Administration*, 95 M.S.P.R. 252, ¶ 19 (2003), *aff'd per curiam*, 134 F. App'x 440 (Fed. Cir. 2005).

reconsideration. IAF, Tab 5 at 4. When an agency denies a request for reconsideration of the withholding of a WIGI because it was not submitted by the regulatory deadline, the Board will review the record that was before the agency to determine whether the denial was unreasonable or an abuse of discretion. *Priselac*, 77 M.S.P.R. at 336. If the Board finds that the appellant did not present sufficient evidence to justify extending the deadline, the Board lacks jurisdiction over the appeal. *Id.* at 336-37; 5 C.F.R. § 531.410(b) ("The time limit to request a reconsideration may be extended when the employee shows he or she . . . was prevented by circumstances beyond his or her control from requesting reconsideration within the time limit."). Here, as the administrative judge correctly determined, the appellant did not request reconsideration. ID at 3, 5 & n.2. The administrative judge alternatively found that the evidence the appellant submitted predated her WIGI denial and did not address the 15 days during which she was required to request reconsideration. IAF, Tab 5 at 5-10; ID at 4. Thus, the administrative judge properly found that she failed to show how she was prevented from circumstances beyond her control from requesting reconsideration within the regulatory time limit. ID at 4.

The appellant's remaining arguments provide no basis to grant review. She asserts that the agency engaged in prohibited personnel practices and abused its authority by failing to comply with Federal Government policies regarding negative performance-based actions. PFR File, Tab 1 at 4. The administrative judge properly determined that, because the Board lacks jurisdiction over the appellant's WIGI denial, it cannot consider her claims of prohibited personnel practices. ID at 6; *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (explaining that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). She

further argues that the agency did not serve her with copies of the documents at Tabs 1 through 4 of the Initial Appeal File relied on by the administrative judge in the initial decision. PFR File, Tab 1 at 5. However, Tabs 1-4 are pleadings submitted by the appellant and orders issued by the administrative judge. Thus, the agency was not obligated to serve copies on the appellant. *See* 5 C.F.R. § 1201.26(b)(2) (requiring parties to serve each other with copies of their pleadings). Further, the appellant was an e-filer and thus deemed to have received the agency's pleadings on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2).

Accordingly, we affirm the dismissal of the appellant's WIGI appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.